THE STATE OF OHIO, APPELLEE, *v.* HOPKINS, APPELLANT.

(No. 10-234—Decided June 24, 1985.)

*John E. Shoop,* prosecuting attorney, and *Sharon L. O'Flaherty,* for appellee.

*Purola & Savage* and *Albert L. Purola,* for appellant.

FORD, J. In April 1984, appellant, Harrison T. Hopkins, was arrested for speeding, driving without a valid driver's license, driving while under the influence of alcohol and carrying a concealed weapon. Appellant was tried before a jury on all charges, except speeding, in the Painesville Municipal Court.

After voir dire was conducted and the jury sworn, and at the close of appellee's opening statement, one of the jurors, Jay A. Harris, asked to be recognized by the court. Realizing that he and appellant work at the same place, Harris stated that the employment

situation might affect some of his decisions as a juror. The judge, counsel for both parties, and Harris returned to chambers to discuss the matter. During this discussion, Harris stated that he was employed in a supervisory position at the Perry Nuclear Power Plant. A significant amount of his work required that he interact with members of the pipe fitting trade, of which appellant was a part. The juror told the parties that if appellant were found guilty it might affect Harris' performance at work and, as such, it might affect his ability to render a guilty verdict against appellant.

At the end of the discussion, the trial judge asked the prosecution and defense counsel for their views. While the prosecution found that Harris should be permitted to withdraw, the defense objected. The court concluded that Harris should be dismissed and replaced with an alternate.

At the close of trial, defendant was found guilty.

Appellant presents one assignment of error on appeal:

"The trial court erred to the prejudice of defendant-appellant in permitting the dismissal of juror Harris."

Appellant's first argument is that appellee, in failing to question juror Harris about his employment during voir dire, waived its right of dismissal. The argument is misplaced. Juror Harris' dismissal resulted from his request to be excused, not because appellee challenged him. As such, the issue of waiver does not apply here.

Furthermore, the trial court dismissed juror Harris based on the doubts he had expressed as to his ability to render a guilty verdict against appellant. The state, as appellee, is no less entitled to an unbiased determination than appellant.

"It is beyond question that the right of trial by jury guaranteed by the constitution carries with it by necessary implication the right to a trial by a jury composed of unbiased and unprejudiced jurors. This right being guaranteed, all courts are charged with the imperative duty of affording *every litigant* the opportunity of having his cause tried by an impartial jury." *Lingafelter* v. *Moore* (1917), 95 Ohio St. 384, 387.

The second argument asserted by appellant centers on R.C. 2945.29 which provides that if before the conclusion of the trial, a juror becomes sick, *or for other reasons* is unable to perform his duty, the court may order him to be discharged. Appellant's contention that the statute permits dismissal only in the event of illness or inability to perform is erroneous.

In *United States* v. *Spiegel* (C.A. 5, 1979), 604 F. 2d 961, 967, the court upheld the "excusal of a juror during trial for cause based on facts that would have been known before [jury] selection but for the government's omission of a question on voir dire." (Emphasis deleted.) In *Spiegel,* the trial court learned, after trial had begun, that two of the jurors were acquainted with defendant and his family. After considering the effect of this relationship on the jurors' ability to remain impartial, the court excused the jurors.

"* * * The decisions of this court and other circuits indicate that Rule 24(c) empowers a trial judge, exercising sound discretion, to 'remove a juror and replace him with an alternate juror whenever facts are presented which convince the trial judge that the juror's ability to perform his duty as a juror is impaired.' " *Spiegel, supra,* at 967.

The same cause for which the jurors in *Spiegel* were excused is present here. Harris had expressly stated that he would find it difficult to reach a guilty verdict considering his working relationship with appellant. Based on this statement, the trial court ruled that there was cause to dismiss juror Harris and replace him with an alternate. As such,

it was clearly within the sound discretion of the trial court to excuse him. *Spiegel, supra.*

In addition, while appellant contends that the dismissal of juror Harris, and his subsequent replacement, was prejudicial, he has not demonstrated how he was prejudiced. The trial court has discretion to determine when a reportedly disabled juror should be replaced by the appropriate alternate before deliberations begin. Absent a record showing that the court abused that discretion, we presume regularity. *State* v. *Shields* (1984), 15 Ohio App. 3d 112, 119.

Crim. R. 24(F) provides:

"* * * Alternate jurors shall be drawn in the same manner, have the same qualifications, be subject to the same examination and challenges, take the same oath, and have the same functions, powers, facilities, and privileges as the regular jurors. * * *"

Clearly the purpose of this rule is to ensure that an alternate juror be as qualified as a regular juror in the event a replacement becomes necessary. Since appellant has not demonstrated an abuse of discretion, nor prejudice, his assignment of error must fail. *Shields, supra.*

For his third argument, appellant cites a line of Supreme Court cases beginning with *United States* v. *Perez* (1824), 22 U.S. (9 Wheat.) 579, for the proposition that there is a constitutionally required showing of manifest necessity before a juror may be dismissed. See *Arizona* v. *Washington* (1978), 434 U.S. 497; *Illinois* v. *Somerville* (1973), 410 U.S. 458; and *Wade* v. *Hunter* (1949), 336 U.S. 684. Appellant, however, misconstrues *Perez* and its progeny since those cases pertain to the declaration of a mistrial resulting in the entire jury being dismissed. To require that a showing of manifest necessity be made, before a juror could be replaced by an alternate, is clearly an untenable

position. Rather, the better approach is that absent an abuse of discretion, the trial court's decision to replace a juror will be upheld as an exercise of that court's discretion. *Shields, supra.* As such, appellant's final argument must fail.

Since appellant has not shown that the dismissal of juror Harris constituted an abuse of discretion, or that it resulted in prejudice, the ruling of the trial court must be affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.