The STATE of Ohio, Appellee,

v.

MADDEN, Appellant.

[Cite as *State v. Madden* (1995), 105 Ohio App.3d 116.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–94–041.

Decided June 30, 1995.

*Kevin Baxter*, Erie County Prosecuting Attorney, and *Ollie Coggin III*, Assistant Prosecuting Attorney, for appellee.

*Richard Koch*, for appellant.

*Per Curiam.*

This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Erie County Court of Common Pleas following the return of a jury verdict in which appellant was found guilty of receiving stolen property in violation of R.C. 2913.51(A). Because we conclude that the trial court did not abuse its discretion in replacing an absentee juror, we affirm the conviction.

Pursuant to Sixth Dist.Loc.App.R. 12, we *sua sponte* transfer this case to our accelerated docket and hereby render our decision.

Appellant, Andre Nuby Madden, is an African–American male who was tried and convicted in a jury trial which was held on May 11 and 12, 1994. On the second day of trial, the only African–American on the jury failed to appear at 2:00 p.m. when court was scheduled to reconvene. Two sheriff's deputies were dispatched to the juror's home in an effort to discern the reason for her absence. It was reported to the court that the deputies, upon reaching the juror's residence, encountered the juror's child. The child indicated to the deputies that the juror had been gone all day and it was believed that she was at the courthouse. Appellant objected to replacing the juror because she was the only African–American on the jury. However, the trial court determined that due diligence had been exercised and reconvened court at 3:15 p.m. The court then replaced the original juror with the alternate who was not African–American.

Appellant now appeals his conviction and imposition of sentence, arguing that because the juror was the only African–American on the jury, the court did not

exercise due diligence in ascertaining the reasons for the juror's absence before replacing her.

A trial court's replacement of a juror with an alternate juror prior to deliberation is within the sound discretion of the trial court. Absent a showing that the trial court abused its discretion this court will presume regularity. *State v. Robles* (1989), 65 Ohio App.3d 104, 111, 583 N.E.2d 318, 322; *State v. Hopkins* (1985), 27 Ohio App.3d 196, 27 OBR 235, 500 N.E.2d 323. Upon a thorough review of the record in this matter, we conclude that the trial court did not abuse its discretion in replacing the absent juror with an alternate.

Accordingly, appellant's sole assignment of error is not well taken.

The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., GLASSER and SHERCK, JJ., concur.