OPINION
{1} Appellants, Larry and Sandy Hoffman, appeal a Seneca County Common Pleas Court decision entered upon a jury verdict in their favor against Appellee, R. Joseph D'Angelo. The Hoffmans argue that the trial court erred in refusing to remove an allegedly inattentive juror. However, the record does not demonstrate that the court abused its discretion in concluding that the juror's ability to perform his duty had not been impaired. The Hoffmans further aver that the jury verdict is contrary to law and not sustained by the evidence. Because the Hoffmans failed to submit a transcript of proceedings necessary to permit review of their remaining assignments of error, we must affirm the judgment of the trial court.
{2} In December 1995, the Hoffmans and D'Angelo executed a written document, which indicated that it was an agreement to form a partnership known as L-S Dee Ventures. The document attempted to establish the parties' rights and responsibilities with respect to the improvement, maintenance, and use of real property owned by D'Angelo in Tiffin, Ohio.
{3} When disagreements arose as to the management of the property, the Hoffmans filed a complaint against D'Angelo requesting compensation for labor and materials expended in improving the property. After a four-day jury trial, a verdict of $3,542.96 was returned in favor of the Hoffmans. The Hoffmans then moved for a new trial and judgment notwithstanding the verdict, claiming that the jury verdict was inadequate, against the weight of the evidence, and contrary to law. Upon denial of said motion, the Hoffmans initiated the instant appeal, presenting three assignments of error for review.
 Assignment of Error No. 1 When the trial court overruled the motion of plaintiffs, Larry Hoffmanand Sandy Hoffman, to remove juror number one, [name withheld], it abusedits discretion and committed reversible error.
{4} In their first assignment of error, the Hoffmans argue that the trial court's failure to dismiss juror number one for prejudicial misconduct deprived them of their fundamental right to a jury trial.
{5} The court has authority to replace jurors with alternates when a juror becomes sick, or for any other reason is unable to perform his duty.[1] A trial judge is empowered to exercise "sound discretion to remove a juror and replace him with an alternate juror whenever facts are presented which convince the trial judge that the juror's ability to perform his duty is impaired."[2] An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable.[3]
"A decision is unreasonable if there is no sound reasoning process that would support that decision."[4]
 {6} Following the trial court's jury instruction and prior to the beginning of jury deliberations, the Hoffmans asked the trial court to remove juror number one for inattentiveness during jury instructions. They claimed that it was apparent that he "did not listen carefully or follow the trial court's instructions about the facts, jury procedures and law in this case." The Hoffmans complained that the juror failed to make a material correction in his notebook when directed to do so, slumped in his seat, and exhibited an overall impression of disinterest in the proceedings. D'Angelo responded that there was no indication that he did not understand the instructions and that "his apparent inattention in no way reflects that he wasn't paying attention [or] didn't know what was going on." The trial court concurred, noting that jurors had been given the option of either reading along or listening to the instructions and that juror number one maintained excellent eye contact throughout the discussion.
{7} In reviewing exercises of discretion, appellate courts must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts."[5] The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the participants and observe their demeanor, gestures and voice inflections.[6] In this instance, the trial judge was certainly in a superior position to observe the juror's behavior. Upon review, we cannot say that no sound reasoning process would support the trial court's decision or that the record demonstrates the court acted arbitrarily or unconscionably in concluding that the juror's ability to perform his duty had not been impaired. Accordingly, the Hoffmans' first assignment of error is overruled.
 Assignment of Error No. 2 The jury damage award in the sum of $3,542.96 recorded in the October31, 2002 Judgment entries, relating to the claims of the plaintiffs,Larry Hoffman and Sandy Hoffman, for compensation based upon unjustenrichment and/or promissory estoppel is inadequate, not sustained by theevidence, contrary to law, and must be set aside for good cause shown.
 Assignment of Error No. 3 The trial court's Judgment Entry of January 10, 2003, overruling themotion of plaintiffs, Larry Hoffman and Sandy Hoffman, for judgmentnotwithstanding the verdict of $3,542.96 and for a new trial, is notsustained by the weight of the evidence, is contrary to law and must beset aside for good cause shown.
{8} In their second assignment of error, the Hoffmans argue that they conclusively established the elements of their unjust enrichment and promissory estoppel claims, thereby shifting the weight of the evidence against D'Angelo. The Hoffmans maintain that they irrefutably proved that as a direct result of their time and labor, the premises had appreciated in value by $73,500 and was producing monthly rental income of $1,300. They assert that the purportedly inadequate damage award is a product of the jury disregarding uncontroverted evidence and failing to follow the trial court's instructions. In their third assignment of error, the Hoffmans reiterate the arguments presented above in support of their claim that the trial court erred in refusing to order a new trial or grant judgment notwithstanding the verdict. D'Angelo responds that the jury concluded that they were a partnership, that he had also worked on the property, and that the limited record before this court does not conclusively support that there exists any certain amount of profits or that any appreciation or profits are solely attributable to the Hoffmans' efforts.
{9} In support of these assignments, the Hoffmans have filed a transcript containing only their cross-examination of D'Angelo. D'Angelo maintains that this limited record omits evidence necessary to review the assigned errors. The Hoffmans argue that upon filing their docketing statement and praecipe identifying the parts of the record to be included for appeal, App.R. 9(B) required D'Angelo to request those parts of the record essential for review of Hoffmans' assigned errors. Having failed to do so, the Hoffmans assert that D'Angelo waived the argument that they failed their duty to transmit all necessary portions of the record. We disagree.
{10} In Knapp v. Edwards Laboratories, the Ohio Supreme Court held that any burden placed upon an appellee by App.R. 9(B), "does not relieve an appellant from the primary burden of providing a transcript."[7] The Court explained:
The duty to provide a transcript for appellate review falls upon theappellant. This is necessarily so because an appellant bears the burden ofshowing error by reference to matters in the record. This principle isrecognized in App.R. 9(B), which provides, in part, that "* * * theappellant shall in writing order from the reporter a complete transcriptor a transcript of such parts of the proceedings not already on file ashe deems necessary for inclusion in the record * * *." When portions ofthe transcript necessary for resolution of assigned errors are omittedfrom the record, the reviewing court has nothing to pass upon and thus,as to those assigned errors, the court has no choice but to presume thevalidity of the lower court's proceedings, and to affirm.[8]
 {11} "If the evidence contained in a partial record does not itself conclusively support the finding or conclusion, and it does not affirmatively appear that omitted evidence has no bearing on such finding or conclusion, it will be presumed that the omitted evidence supports the finding or conclusion."[9] Furthermore, App.R. 9(B) prescribes: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence
relevant to such findings or conclusion."[10]
 {12} Insofar as the Hoffmans argue that the jury's findings and conclusions are unsupported by or contrary to the weight of the evidence, a complete transcript of all evidence relevant to those determinations or an acceptable alternative is necessary for review. Since they omit substantial portions of the testimony of several witnesses and, likely, colloquy between court and counsel, we cannot affirmatively state that the omitted evidence has no bearing on the challenged findings. The limited record before us does not itself conclusively portray their assigned errors. Having no way of knowing the complete basis for the jury's determinations, we have no choice but to presume the validity of the lower court's proceedings. Accordingly, the Hoffmans' second and third assignments of error are overruled.
{13} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, the judgment of the Seneca County Common Pleas Court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J. and CUPP, J., concur.
[1] See R.C. 2945.29.
[2] State v. Hopkins (1985), 27 Ohio App.3d 196, 198, citing UnitedStates v. Spiegle (5th Cir. 1979), 604 F.2d 961, 967.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
[4] AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
[5] Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226.
[6] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
[7] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[8] Id.
[9] Napper v. Napper (May 28, 2003), 3rd Dist. No. 1-02-82,2003-Ohio-2719, citing In re Estate of Kinder (May 12, 1999), Defiance App. No. 4-98-23, citing Wargo v. Buck (1997), 123 Ohio App.3d 110,117.
[10] Emphasis added. See, also, In Re Adoption of Foster (1985),22 Ohio App.3d 129, 131, overruled on other grounds in In Re Adoption ofSunderhaus (1991), 63 Ohio St.3d 127.