[Cite as *State v. Williams*, 2014-Ohio-868.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DELBERT WILLIAMS | : | Case No. 13CA2 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County
                                Court of Common Pleas, Case No.
                                2012-CR-319D


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               March 5, 2014


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JAMES J. MAYER, JR.                     ROBERT GOLDBERGER
Prosecuting Attorney                    10 West Newlon Place
                                        Mansfield, OH 44902

By: BRENT N. ROBINSON
Assistant Prosecuting Attorney
38 S. Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}    Defendant-appellant Delbert Williams appeals his conviction and sentence from the Richland County Court of Common Pleas on one count each of murder, tampering with evidence and possession of criminal tools. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On June 11, 2012, the Richland County Grand Jury indicted appellant on one count of murder in violation of R.C. 2903.02(A), an unclassified felony, one count of murder in violation of R.C. 2903.02(B), an unclassified felony, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The charges related to the stabbing death of Joshua Merritt in the parking lot of a bar.

{¶3}    After appellant was arraigned, a jury trial was scheduled for July 19, 2012. On June 27, 2012, appellant filed a motion for a continuance of the jury trial because counsel had just been appointed and was not prepared to proceed.  As memorialized in a Judgment Entry filed on July 6, 2012, the trial was continued to September 6, 2012. The trial was later continued to September 27, 2012 on the court's own motion.

{¶4}    Subsequently, on September 14, 2012, appellant filed a motion for a continuance of the trial. Appellant, in his motion, argued that new counsel had been substituted and also that appellee was still waiting to receive lab reports from BCI & I. Appellant indicated that his new counsel needed time to review discovery, to investigate

the case and to prepare for trial. Pursuant to a Judgment Entry filed on September 19, 2012, the trial court continued the trial and scheduled a pretrial for October 15, 2012. At the pretrial, the jury trial was scheduled for December 6, 2012.

{¶5}  Appellant, on November 27, 2012, filed a Motion in Limine requesting that the trial court issue an order prohibiting the use of evidence related to appellant's other criminal acts. Appellant specifically sought to exclude evidence that appellant had stabbed other victims in the past in circumstances that appellee alleged were similar to those alleged in this case.  Appellee, on October 15, 2012, had filed a notice indicating its intent to use such evidence. On the same date, appellant filed a motion to continue the trial. Appellant, in his motion, argued that his counsel, who was retained on September 9, 2012,  had received discovery consisting of nearly 800 pages of documents from appellant's prior counsel on September 13, 2012 and had, on October 22, 2012, received additional discovery from appellee including additional witnesses, witness statements and an expert report regarding DNA analysis. Appellant stated that due to the amount of discovery provided and the need for additional investigation, his counsel needed additional time to prepare for trial. Following a pretrial held on November 27, 2012 at which the motion was discussed, the trial court, via an Order filed on November 28, 2012, overruled appellant's motion.

{¶6}  A hearing on appellant's Motion in Limine was held on November 30, 2012. As memorialized in a Journal Entry filed on December 6, 2012, the trial court ordered that the other acts evidence was inadmissible for any purpose during the trial but that the trial court "may hear arguments from counsel at a later time during trial that

the Defendant or his counsel through their conduct at trial have opened the door to the admissibility of such evidence."

{¶7} The jury, on December 13, 2012, found appellant not guilty of one of the counts of murder, but guilty of the other count of murder and guilty of tampering with evidence and possession of criminal tools. Appellant was sentenced on December 18, 2012 to an aggregate sentence of 18 years to life.

{¶8} Appellant now raises the following assignments of error on appeal:

{¶9} THE TRIAL COURT ERRED IN NOT DISQUALIFYING JUROR WILSON PURSUANT TO REVISED CODE SECTION 2945.29.

{¶10} THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT A CONTINUANCE OF THE DECEMBER 6, 2012 TRIAL DATE.

I

{¶11} Appellant, in his first assignment of error, argues that the trial court erred in failing to disqualify juror Wilson for cause pursuant to R.C.2945.29.

{¶12} The dismissal of a juror for cause rests in the sound discretion of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990). Once the trial has commenced, the court may remove a member of the jury only if he or she is unable to fulfill the duties of a juror. R.C. 2945.29. Whether or not a juror can perform his or her duty is left to the sound discretion of the trial court. *State v. Hopkins*, 27 Ohio App.3d 196, 500 N.E.2d 323 (11th Dist. Lake 1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶13} During voir dire, juror Wilson testified that she knew Leigha Seamans, one of the witnesses, from high school and that they had graduated together. When asked, she stated that nothing about her acquaintance with Seamans would cause her to treat Seamans' testimony differently than that of other witnesses. After the jury was sworn in and after opening statements, the trial court spoke with Wilson outside the presence of the other jurors. The following colloquy took place on the record:

{¶14} THE COURT: Ms. Wilson, I understand you had something you wanted to bring to our attention.

{¶15} MS. WILSON: I had told you in the beginning I knew who Leigha Seamans was and graduated with her. But the more I hear about who was involved, I know almost everyone involved on a personal level. I am sitting over there thinking, yeah, I said it wouldn't be a big deal for me to be a juror on the case, because, yeah, I know them, but it wouldn't matter, but the more I think about it, I don't know if I can handle that.

{¶16} THE COURT: Well, you heard Mr. Robinson read all of those names when he read the people going to appear in this case. Right?

{¶17} MS. WILSON: Right. But when I see how everyone else is connected, I didn't know the names, but I know who they are now.

{¶18} THE COURT: You didn't tell us that in advance of this, so we are left now with you as a juror in this case. What is it you know about these people that is going to prevent you from being an impartial juror in this case?

{¶19} MS. WILSON: Just like in school I knew all of them and we hung out and stuff.

{¶20}  THE COURT:   You said that before.  How is that going to affect your judgment?  How long has it been since you have been out of school?

{¶21}  MS. WILSON:  Four years.

{¶22}  THE COURT:  Have you been with those people during that four years?

{¶23}  MS. WILSON:  No.

{¶24}  THE COURT:   Doesn't sound to me like you have a problem that will prevent you from being fair.  Can you explain to me why it is you can't be fair four years after you graduated from school with these folks?

{¶25}  MS. WILSON:   I don't know.  Just the way I was thinking over there, I don't know if I could handle it.  That's all I am saying.

{¶26}  THE COURT:   Do you have any questions you wanted to ask, Mr. Robinson?

{¶27}  MR. ROBINSON:  No, Your Honor.

{¶28}  THE COURT:  Ms. Couch-Page?

{¶29}  MS COUCH-PAGE:   (Shakes her head.)

{¶30}  THE COURT:  Mr. Owen, did you have any questions for this lady?

{¶31}  MR. OWEN:  No, Your Honor.

{¶32}  Transcript at 266-268.

{¶33}  We concur with appellee that the trial court did not abuse its discretion in not disqualifying Wilson. The trial court's decision was not arbitrary, unconscionable or unreasonable. Juror Wilson never stated that she could not be fair  and impartial  but rather seemed to be stressed about sitting on a jury. The parties never objected to Wilson, who had not been with the witnesses since she graduated four years earlier,

remaining on the jury. Moreover, there is no indication in the record that Wilson was biased in any way or could not fulfill the duties of a juror.

{¶34} Appellant's first assignment of error is, therefore overruled.

II

{¶35} Appellant, in his second assignment of error, argues that the trial court erred in denying his motion for a continuance of the trial.

{¶36} The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). "Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Id at 67. In evaluating a motion for a continuance, a court should consider (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *Id.* at 67-68. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore, supra*.

{¶37}   As is stated above, on June 27, 2012, appellant filed a motion for a continuance of the jury trial because counsel had just been appointed and was not prepared to proceed.  The trial was continued to September 6, 2012 and, on the court's own motion,  was later continued to September 27, 2012.

{¶38}   Appellant, on September 14, 2012, filed a motion for a continuance of the trial on the basis that that new counsel had been substituted and needed time to review discovery, to investigate the case and to prepare for trial.  The trial court continued the trial and, at an October 15, 2012 pretrial, scheduled the trial for December 6, 2012.

{¶39}   Thereafter, on November 27, 2012, appellant filed a motion to continue the trial. Appellant, in his motion, argued that his counsel had received discovery consisting of nearly 800 pages of documents from appellant's prior counsel on September 13, 2012 and had, on October 22, 2012, received additional discovery. Appellant stated that due to the amount of discovery provided and the need for additional investigation, his counsel needed additional time to prepare for trial. Following a pretrial held on November 27, 2012 at which the motion was discussed, the trial court overruled appellant's motion.

{¶40}   At the hearing on the Motion in Limine, appellant's counsel orally renewed the motion for a continuance, stating to the trial court that "since Tuesday—Wednesday, in fact, I came back up, picked up nearly 30 CD's of discovery from the prosecutor's office ranging from hours and hours of jail calls, visitation, phone records and a whole host of other recordings." Transcript at 11. Counsel further stated that in all, the prosecutor's office had provided them with  45 CDs of information since Wednesday.

Moreover, counsel also stated to the trial court that depending on the outcome of the hearing on the Motion in Limine, a continuance might be needed .

{¶41} In response, appellee informed the trial court that the discovery previously had been provided as a transcript. According to appellee, [w]e gave them some jail calls, and then those are actually the disks that they requested, although those have already been provided in transcript form. These are simply the recordings of the witness statements that we have already provided in the way of a transcript. They actually wanted to hear the audio, so we got the audio for them." Transcript at 12-13. The trial court subsequently granted the Motion Limine and in, denying the motion for a continuance, noted that appellant made phone calls through the jail on an ongoing basis and that " I can't expect the prosecutor to have given you 3 weeks ago, 3 months ago the phone calls he [appellant]  is making now." Transcript at 17-18.

{¶42} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion for a continuance because the trial court's decision was not arbitrary, unconscionable or unreasonable. From the record, it is apparent that appellant had the transcripts of the witness statements but not the audio recordings. Appellant's counsel admitted to the trial court that he was not satisfied with the witness statements and wanted the recordings also and that appellee was just providing the same Thus, the discovery previously had been provided in transcript, rather than audio, form. Moreover, as noted by appellant in his brief, "much of what was provided to the Appellant was recordings of his own telephone calls, which had been continuing apace during the pre-trial phase of the case."

{¶43} Appellant's second assignment of error is, therefore, overruled.

{¶44}  Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.