OPINION
{¶ 1} Appellant William A. Hopkins argues that the trial court should have sustained a presentence motion to withdraw his guilty plea in a matter involving two criminal indictments. Appellant pleaded guilty in the Mahoning County Court of Common Pleas to three second degree felonies: two counts of felonious assault and one count of burglary. Appellant's stated reason for seeking to withdraw the plea was that he had heart problems and needed heart bypass surgery. It is clear from Appellant's brief on appeal that he knew about his medical condition prior to entering his plea, and that it was, in fact, a significant reason he entered the guilty plea. Appellant sought to obtain private medical treatment after he entered his plea but prior to the sentencing hearing, and pursuant to his agreement he did in fact receive private treatment. When the sentencing date approached, though, he no longer wished to be bound by his plea. Appellant's medical condition had already factored into the plea as a partial inducement for Appellant, and his stated reason for seeking to withdraw this plea appears to be nothing more than regret about the plea itself. The judgment of the trial court is affirmed.
 CASE BACKGROUND {¶ 2} On October 6, 2005, Appellant was indicted on one count of felonious assault, R.C. 2903.11(A)(1), a second degree felony. Appellant was released on bond. While his criminal case was pending he was arrested on new charges and was later indicted in a separate criminal case on one count of felonious assault, R.C. 2903.11(A)(1), and one count of burglary, R.C. 2911.12.(A)(1), both second degree felonies. *Page 2 
 {¶ 3} On September 7, 2006, Appellant entered into a Crim. R. 11 plea agreement. He agreed to plead guilty to the charges in exchange for a recommendation from the prosecutor of a four-year prison term. The trial court accepted the plea, and amended Appellant's bond to allow for electronically monitored house arrest ("EMHA") prior to sentencing. Sentencing was scheduled for October 30, 2006.
 {¶ 4} On October 26, 2006, Appellant asked for his sentencing to be postponed so that he could undergo a cardiac catheterization. The court granted the motion and rescheduled sentencing to December 5, 2006. Appellant subsequently violated the terms of the EMHA, and could not be located. The court revoked his bond and issued a bench warrant. The court had to reschedule sentencing to January 12, 2007, and then again to January 24, 2007.
 {¶ 5} On January 18, 2007, Appellant filed a motion to withdraw his guilty plea. The court addressed the motion immediately prior to the sentencing hearing on January 24, 2007. Appellant argued at the hearing that, once he was released on bond after entering his plea, he visited with a number of physicians and learned that he suffered from serious cardiac problems. While on bond he had, "an angioplasty and stint," (or possibly a stent), and was, "on his way tomorrow for bypass surgery and a defibrillator." (1/24/07 Tr., p. 6.) The court orally overruled the motion to withdraw without comment and proceeded with sentencing. The court imposed eight-year prison terms on each of the three counts, to be served concurrently. The court's judgment entry was filed on January 29, 2007. This appeal was filed on February 15, 2007. *Page 3 
 ASSIGNMENT OF ERROR {¶ 6} "The Trial Court erred when it overruled the Motion to Withdraw Plea of the Appellant that was filed due to the Appellant's health status wherein he did not enter his plea knowingly and was not given a full hearing on the motion."
 {¶ 7} This is an appeal of a ruling on a presentence motion to withdraw a guilty plea. Pursuant to Crim. R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule provides the standard for deciding a postsentence motion to withdraw a plea, but gives no guidelines for deciding a presentence motion to withdraw a plea. State v. Xie (1992),62 Ohio St.3d 521, 526, 584 N.E.2d 715, 718-719. Generally, the courts have held that a decision on a presentence withdrawal motion is within the trial court's sound discretion. Id. Despite the discretion given to the trial court in this matter, it must abide by the principle that a presentence motion to withdraw a guilty plea shall ordinarily be freely and liberally granted. Id. In making its determination, the trial court must conduct a hearing and decide whether there is reasonable and legitimate basis for withdrawal of the plea. Id. at 527. Although it is not the role of the appellate court to conduct a de novo review, the appellate court may reverse the trial court's denial if the trial court acts unjustly or unfairly. Id. at 526.
 {¶ 8} Some of the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by *Page 4 
counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. State v. Thomas (Dec. 17, 1998), 7th Dist. No. 96 CA 223, 96 CA 225, 96 CA 226, citing the factors first set forth in State v. Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788. Fundamentally, these factors exist as a tool to assist the court in determining whether there is a "reasonable and legitimate" basis for withdrawing the plea. Xie, supra, at 527, 584 N.E.2d 715.
 {¶ 9} It has been held time and again that a "mere change of heart" is not a sufficient reason to allow a plea to be withdrawn. State v.Drake (1991), 73 Ohio App.3d 640, 645, 598 N.E.2d 115; State v.Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 51.
 {¶ 10} Appellee contends that Appellant's health problems are not a legitimate reason for withdrawing his plea, particularly since Appellant was induced to enter the plea because of those health problems. Appellant's brief clearly indicates that he was in poor health and needed medical treatment at the time of the plea. Appellant acknowledges that he entered the plea so that he could get out of jail on bond while awaiting sentencing and seek some kind of private treatment. Appellant is arguing, in essence, that he used the plea to obtain private medical treatment while waiting to be sentenced, but sought to withdraw the plea in order to continue to receive ongoing *Page 5 
private treatment during the time the case would be awaiting full trial, an apparent attempt to "play" the system.
 {¶ 11} Appellee argues that a defendant cannot use a medical condition as a basis for withdrawing a plea unless that condition actually affected the knowing and voluntary nature of the plea itself. Appellee cites State v. Anderson, 10th Dist. No. 06AP-272, 2006-Ohio-5440, in support. In Anderson, the defendant argued that he was taking diabetes medication at the time of the plea and this medication affected his understanding of the consequences of the plea. The Tenth District Court of Appeals determined that the trial court held a lengthy plea colloquy and that, despite defendant's use of medication, there was nothing in the record to indicate defendant lacked understanding as to any aspect of the plea.
 {¶ 12} Although Anderson is not completely on point, it provides a helpful framework for discussing Appellant's argument. InAnderson, the defendant had at least a plausible basis for arguing that his plea was not made knowingly because he was actually taking medication at the time of plea, and it was a type of medication that might affect his ability to rationally enter into a plea agreement. In this case, Appellant is not arguing that his mind was somehow affected by his medical condition or by medications such that he mistakenly entered into a plea agreement. There is no question that he willfully entered his plea in order to be released on bond pending the sentencing hearing, so that during that time period he could seek further medical treatment he believed he was not getting while he was incarcerated awaiting trial. He willfully answered all the court's questions at the plea hearing, stating over and over that he understood the charges, the possible punishment, and the consequences of *Page 6 
the plea, with the hope that he might be released on bond after the hearing. It appears that Appellant knew what he was doing and that he received a significant benefit from his plea by being released on EMHA.
 {¶ 13} Appellant's reason to withdraw his plea appears to be his regret at reaching his sentencing date before he could finish his private medical treatment. Mere regret over the fact that the sentencing date has arrived, and the attendant reality that one's life will be dramatically altered once sentence is imposed, is not a reason for allowing a plea to be withdrawn. Although the trial court could have, in its discretion, allowed Appellant to withdraw his plea simply because he changed his mind, the court is not required to do so. Normally, courts will not allow pleas to be withdrawn because of mere regret about the decision to enter the plea in the first place. State v. Barton (Dec. 2, 1998), 5th Dist. No. 98 CA 1.
 {¶ 14} An examination of the Fish factors does not weigh in Appellant's favor. Appellant was represented by competent counsel at both the plea hearing and the plea withdrawal hearing. He had a full plea hearing and a hearing on the motion to withdraw the plea. Appellant's motion to withdraw his plea was very suspect, filed only after he had violated his bond and the terms of his release, thus forcing sentencing to be postponed twice. He filed the motion only six days prior to the final rescheduled date of sentencing. As to Appellant's reasons for withdrawing his plea, we have already determined that they are not persuasive. The record of the plea hearing clearly indicates that Appellant was completely aware of the charges and potential sentence when he entered the plea. There is no indication of record that Appellant has any defense to the charges or might not be guilty of the crimes. *Page 7 
 {¶ 15} The two remaining Fish factors do weigh somewhat in Appellant's favor. The prosecutor has not alleged prejudice, and the trial court's ruling on the motion to withdraw was a summary ruling with no explanation of the court's reasoning. These two considerations alone, though, do not reflect an abuse of discretion in overruling the motion. Fundamentally, Appellant has not presented a reasonable and legitimate reason for withdrawing his plea, and it was completely within the trial court's discretion to grant or deny the motion to withdraw. Appellant's decision to violate the terms of his house arrest probably did not help his cause, particularly since as a consequence of his violation sentencing was ultimately delayed by almost two months. Then, six days before this delayed sentencing hearing, he essentially threw himself on the mercy of the court by filing a motion to withdraw his plea. While the trial court had the discretion to grant or deny this motion, the judge denied the request. We cannot find an abuse of discretion under these circumstances, and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1