[Cite as *State v. Fraternal Order of Eagles, Aerie No. 1224*, 2018-Ohio-548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2017-08-011 |
| | : | O P I N I O N |
| - vs - | | 2/12/2018 |
| | : | |
| FRATERNAL ORDER OF EAGLES, | : | |
| AERIE NO. 1224, | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |
| | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. CRB 1601342A

Fred J. Beery, 125 North High Street, Hillsboro, Ohio 45133, for plaintiff-appellant

Donald J. Malarcik, 54 East Mill Street, Suite 400, Akron, Ohio 44308 and Scott B. Evans, 97 North South Street, Wilmington, Ohio 45177, for defendant-appellee

**PIPER, J.**

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals a decision of the Clinton County Municipal Court, sentencing defendant-appellee, Fraternal Order of Eagles Aerie No. 1224, for disorderly conduct.

{¶ 2} The Ohio Department of Public Safety filed a complaint against the Eagles, alleging several crimes related to illegal gambling. The parties negotiated a resolution to the

case, and mutually agreed that all charges against the Eagles would be dismissed except for an amended charge of disorderly conduct. The parties also agreed to a $2,500 fine, with such fine suspended if the Eagles had no illegal gambling devices on the premises for one year. The Eagles further agreed to forfeit $8,000 in seized funds.

{¶ 3} At sentencing, the municipal court reviewed the agreement with both parties, and questioned the state regarding the forfeiture of funds. Ultimately, the municipal court entered judgment consistent with all terms of the negotiated agreement between the parties except for the forfeiture of $8,000. The state now appeals the municipal court's decision to not order forfeiture according to the agreement, raising the following assignment of error:

{¶ 4} THE TRIAL COURT ERRED IN REJECTING THE PARTIES' AGREEMENT TO FORFEIT MONEY AS PROCEEDS OF ILLEGAL GAMBLING.

{¶ 5} The state argues in its assignment of error that the municipal court erred by not ordering the Eagles to forfeit $8,000 in seized funds as agreed to during the parties' negotiations.

{¶ 6} It is well-settled that the terms of a plea agreement do not bind the discretion of the trial court. *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002-Ohio-1914. Crim.R. 11 does not anticipate that punishment will be the result of a successful bargain because sentencing is either determined expressly by statute or rests within the sound discretion of the trial court. *State v. Mathews*, 8 Ohio App.3d 145, 146 (10th Dist.1982). Simply stated, final judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court. *Pettiford*. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082, CA2016-12-083, 2017-Ohio-8638, ¶ 74.

{¶ 7} The record demonstrates that the municipal court did not abuse its discretion in sentencing the Eagles without ordering forfeiture of seized funds. During the plea and

Clinton CA2017-08-011

sentencing hearing, the municipal court specifically questioned the parties about the inclusion of forfeited funds as part of the negotiated plea. Based on that thorough exchange with the parties, the municipal court provided several reasons why forfeiture was not ordered. Specifically, the municipal court determined that it could not find a "rational basis" for ordering the recommended forfeiture.

{¶ 8} While the state argues that forfeiture statutes allow financial sanctions to be used as a disincentive to deter and offset the possession of contraband, the municipal court determined that the state did not present any argument that the funds were used "in connection with the commission of any crime, nor that they are the proceeds of any illegal activity." The court also observed that the state had not suggested that the $8,000 represented "recoupment of its expenses in investigating and/or prosecuting."

{¶ 9} The reasoning provided by the municipal court demonstrates that its decision regarding forfeiture was based on information provided by the parties and contained in the record. As such, the municipal court's decision was not unreasonable, arbitrary, or unconscionable. We therefore find no abuse of discretion, and overrule the state's sole assignment of error.

{¶ 10} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.

- 3 -