[Cite as *State v. Lawless*, 2018-Ohio-1471.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17-COA-17 & 17-COA-20 |
| RICHARD LAWLESS, | : | |
| DAVID WERTMAN TRUST | : | |
| | : | OPINION |
| Defendant-Appellants | | |

CHARACTER OF PROCEEDING:        Civil appeal from the Ashland County Court
                                of Common Pleas, Case Nos. 15-CRI-181;
                                15-CRI-178

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         April 13, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                     WILLIAM VASILIOU II
Ashland County Prosecutor                  54 E. Mill Street, Ste. 400
JOSHUA ASPIN                               Akron, OH 44308-1736
Assistant Prosecuting Attorney
110 Cottage Street, 3rd Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1}    Appellant-petitioner The David Wertman Trust ["Trust"] appeals the June 6, 2017 Judgment Entry of the Ashland County Court of Common Pleas.  Appellee is The State of Ohio.

*Facts and Procedural History*

{¶2}    On January 15, 2016, Defendant David Mickey Wertman ["Wertman"] pled guilty in Ashland County Court of Common Pleas, Case Number 15-CRI-181, to one count of Attempted Engaging in a Pattern of Corrupt Activity, a felony of the fourth degree, and to the Forfeiture Specification.

{¶3}    Defendant Richard J. Lawless ["Lawless"][1] pled no contest to thirty-nine counts in Ashland County Court of Common Pleas, Case Number 15-CRI-178.  Those charges included, Engaging in a Pattern of Corrupt Activity, a felony of the first degree; Complicity to Trafficking in Heroin, a felony of the first degree; Complicity to Trafficking in Cocaine, a felony of the first degree; Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the third degree; Trafficking in Heroin, a felony of the fifth degree; Aggravated Burglary, a felony of the first degree; Felonious Assault, a felony of the second degree; Abduction, a felony of the third degree; Having Weapons While Under Disability, a felony of the third degree. Lawless further pled to a Forfeiture Specification.

{¶4}    On July 5, 2016, Lawless was sentenced to prison and the trial court ordered the forfeiture of real and personal property as listed in the forfeiture specification. On July 18, 2016, the Court sentenced Wertman to Community Control and ordered that,

---

[1] Lawless is the co-defendant of Wertman, as well as his former father-in-law.

The Defendant's entire interest in and to the following property, if any, is hereby forfeited to the State of Ohio:

* * *

2008 Dodge Challenger, VIN 2B3LJ74W98H301456, Title#0300479594

* * *

Judgment Entry, *Sentencing*, filed in Case Number 15-CRI-181 July 22, 2015 at 5.

{¶5} Wertman's mother Connie Lawless as trustee refused to surrender the 2008 Dodge Challenger ["Challenger"] to law enforcement claiming that the automobile was titled in the name of the Trust. The Trust, with Connie Lawless as trustee, then filed a third-party petition seeking to invalidate the forfeiture of the Challenger.

{¶6} On April 6, 2017, the trial court held a hearing on the Trust's assertion of a legal interest in the vehicle. At the hearing the parties stipulated that: 1). The irrevocable trust at issue, The David Wertman Trust, dated October 1, 2010, is a valid and enforceable trust; 2). The transfer of the 2008 Dodge Challenger was proper and legal, and vested title of the vehicle to the trust; and 3). David M. Wertman, the Defendant in case 15-CRI-181 is the sole beneficiary of the trust. Additionally, the parties stipulated to the admission of six (6) Exhibits: Exhibit 1, Original Certificate of Title to David D. Wertman[2]; Exhibit 2, Certificate of Title transferring vehicle to The David Wertman Trust; Exhibit 3, Duplicate Copy of Exhibit 2; Exhibit 4, The David Wertman Trust Document; Exhibit 5, David M. Wertman's Indictment, Waiver of Rights and Plea Document, and Sentencing Entry; Exhibit 6, October 21, 2015 Letter from David D. Wertman- Original

---

[2] David D. Wertman is the grandfather of defendant David M. Wertman.

owner and the grandfather of David M. Wertman. T., Apr 6, 2017 at 28-30; Judgment Entry, Ashland County Court of Common Pleas, Case No. 15-CRI-181, June 6, 2017 at 1-2. At the conclusion of the hearing, the Court ordered the parties to submit memorandums in support of their positions.

{¶7} By Judgment Entry filed June 6, 2017, the trial court found for the state and ordered the surrender of the Challenger to law enforcement for disposition based on its prior forfeiture order.

{¶8} The Trust filed its Notice of Appeal from the trial court's opinion on June 9, 2017 in case number 15 CRI 181, and another notice of appeal was filed shortly thereafter in case 15 CRI 178.

{¶9} By Judgment Entry filed July 12, 2017, this Court granted the Trust's motion and consolidated the two cases for appeal.

*Assignment of Error*

{¶10} The Trust raises one assignment of error,

{¶11} "I. THE TRIAL ERRORED BY OVERRULING THE PLAINTIFF-APPELLANT'S PROPERLY FILED PETITION UNDER R.C. 2981.04(E) (1) TO RECLAIM ITS PROPERTY, TO WIT: 2008 DODGE CHALLENGER; VIN #2B3LJ74W98H301456."

*Law and Analysis*

{¶12} The Trust contends that the stipulated facts demonstrate by a preponderance of the evidence that the Trust was lawfully created, it properly procured the title to the Challenger, and it lawfully owns the Challenger. [Appellant's Brief at 6-7]. The Trust argues that the court must return the property subject to forfeiture because it established that the Trust had a vested legal interest in the property. In sum, the Trust contends the trial court should have returned the Challenger to the Trust. [Id.].

**STANDARD OF APPELLATE REVIEW.**

{¶13} In *Arnott v. Arnott,* the Ohio Supreme Court articulated an appellate courts standard of review,

> "A court's purpose in interpreting a trust is to effectuate, within the legal parameters established by a court or by statute, the settlor's intent." *Domo v. McCarthy*, 66 Ohio St.3d 312, 612 N.E.2d 706 (1993), paragraph one of the syllabus. Interpreting a trust is akin to interpreting a contract; as with trusts, the role of courts in interpreting contracts is "to ascertain and give effect to the intent of the parties." *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9. This court has held that "[t]he construction of a written contract is a matter of law that we review de novo." Id. The same is true of the construction of a written trust; in both *In re Trust of Brooke*, 82 Ohio St.3d 553, 697 N.E.2d 191 (1998), and *Natl. City Bank v. Beyer,* 89 Ohio St.3d 152, 729 N.E.2d 711 (2000), this court applied a de novo standard of review in interpreting trust language in appeals of declaratory judgments.

132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶14.

{¶14} In the case at bar, the parties stipulated that the Trust was created October 1, 2010 and is a valid and enforceable irrevocable trust. The parties further agreed that the Challenger's title is vested in the name of the Trust. The parties also agreed that defendant Wertman is the sole beneficiary of the trust. The parties stipulated to a copy of the Trust document as Exhibit 5 during the April 6, 2017 hearing. The Trust document provides as follows,

THE DAVID WERTMAN TRUST Created this 1st day of October in the year 2010, for the purpose of managing the assets of minor child DAVID MICHAEL WERTMAN herein called beneficiary, until his 21st birthday on the 10th day of February, 2018.

**JURISDICTION.**

*The "mootness doctrine".*

**{¶15}** "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), *quoting California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893*); Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971). Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

**{¶16}** Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372(1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21(1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655(1991).

{¶17} In *Bradley v. Ohio Dept. of Job and Family Services* our brethren from the Tenth Appellate District observed,

"The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." *Id.* "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶11; *Accord*, *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶10. Although the mootness doctrine has exceptions, none apply in the case at bar. *See, e.g., In re Appeal of Suspension of Huffer from Circleville High School,* 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one of the syllabus(noting the two exceptions to the mootness doctrine are when "the issues

are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

**{¶18}** A court may take judicial notice of mootness. "In fact, 'an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92, 94." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181(2000). *Accord, Miner v. Witt,* 82 Ohio St. 237, 239, 92 N.E.2d 21(1910).

**{¶19}** In the case at bar, the express terms of the Trust establish that the Trust terminated on February 10, 2018. The sole beneficiary of that Trust is Wertman. Therefore, he is entitled to the sole legal title of the Challenger as of that date. Wertman's entered a plea to the forfeiture specification contained in his Indictment on January 15, 2016. Wertman's interest in the Challenger was forfeited when he was sentenced by Judgment Entry filed in Case Number 15-CRI-181 on July 22, 2016 at page 5.

**{¶20}** Since the Trust has expired, this case is moot. The trust no longer has legal standing to assert any interest in the Challenger. The capable-of-repetition-yet-evading-review exception does not apply.

{¶21} The Trust's sole assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur