[Cite as *State v. Williams*, 2020-Ohio-77.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019 CA 00083 |
| DELBERT L. WILLIAMS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2012CR319N

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 13, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH C. SNYDER                      DELBERT L. WILLIAMS
Assistant Prosecuting Attorney        Pro Se
38 South Park Street                  Southern Ohio Correctional Facility
Mansfield, OH 44902                   P.O. Box 45699
                                      Lucasville, OH 45699

*Gwin, P.J.*

{¶1} Defendant-appellant Delbert L. Williams ["Williams"] appeals from the July 29, 2019 and the August 9, 2019 Judgment Entries of the Richland County Court of Common Pleas overruling his motions for a payment plan and for resentencing.

*Facts and Procedural History*

{¶2} In May 2012, Williams was indicted on four counts. Count One and Count Two charged Williams with Murder under R. C. 2903.02, subsections (A) and (B). Count Three and Four charged Williams with Tampering with Evidence and Possession of Criminal Tools. On December 13, 2012, a jury found Williams not guilty of Murder under subsection (A) but guilty of Murder under subsection (B), as well as guilty on the remaining charges. He was then sentenced to a combined three years on Counts Three and Four and fifteen years to life on Count Two, to be served consecutively. In his direct appeal, this Court denied his assignments of error. *State v. Williams*, 5th Dist. Richland No 13CA2, 2014-Ohio-868.

{¶3} On February 11, 2013, Williams filed a motion requesting a payment plan be set up for his court costs. That motion was overruled on March 27, 2013. On November 17, 2016, Williams filed a motion to suspend his court costs and restitution payments until he was released from prison. On November 23, 2016, that motion was denied. On July 3, 2019, Williams filed a Motion for Resentencing. On July 22, 2019, Williams again filed a motion for a payment plan for his court costs and restitution. On July 29, 2019, the motion for a payment plan was overruled. On August 9, 2019, Williams' Motion for Resentencing was overruled.

*Assignment of Error*

{¶4}    Williams raises three Assignments of Error,

{¶5}    "I. THE TRIAL COURT ERRED IN NOT IMPOSING POST RELEASE CONTROL ON ANY FELONY APPELLANT WAS FOUND GUILTY OF AT SENTENCING, R.C. 2967.28 (B) AND (C).

{¶6}    "II. THE TRIAL COURT ERRED BY NOT ACKNOWLEDGING THE MANDATORY TERM IMPOSED TO THE APPELLANT, R.C. 2929.14 (B) (4); R.C. 2929.19 (B)(2)(A) AND (B).

{¶7}    "III. THE TRIAL COURT ERRED IN REFUSING TO RECONSIDER A MONTHLY PAYMENT PLAN WITHOUT HOLDING A HEARING TO DETERMINE APPELLANT INDIGENCE STATUS."

*Pro Se Appellants*

{¶8}    We understand that Williams has filed this appeal pro se.  Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure."  *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9.  *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules."  *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶9}    In *State v. Hooks,* 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.  *See, State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500(1978)."

It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963).  New material and factual assertions contained in any brief in this court may not be considered.  *See*, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.  Therefore, we have disregarded facts and documents in Williams' brief that are outside of the record.

{¶10} In the interests of justice, we shall attempt to consider Williams' assignments of error.

I.

{¶11}  After reviewing Williams' brief including his contentions, we have interpreted his First Assignment of Error in the following manner: "The trial court erred by not sentencing Williams to a term of post release control upon counts 4 and 5, felonies of the third degree and the fifth degree respectively."  [Appellant's brief at 6].

*The Doctrine of "Mootness"*

{¶12}  "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions."  *United States v. Alaska* S.S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), *quoting California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord, North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971).  Because mootness is a jurisdictional question, the question of mootness is one that must be

addressed even if the parties do not raise it. *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

{¶13} Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372(1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21(1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655(1991).

{¶14} In *Bradley v. Ohio Dept. of Job and Family Services* our brethren from the Tenth Appellate District observed,

> "The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." Id. "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the

imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371. In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or academic.

10th Dist. Franklin No. 10AP-567, 2011-Ohio-1388, ¶11; *Accord, Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶10; *State v. Lawless*, 5th Dist. Ashland Nos. 17-COA-17 & 17-COA-20, 2018-Ohio-1471. Although the mootness doctrine has exceptions, the case at bar does not fall into one of the exceptions. *See, e.g., In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 546 N.E.2d 1308(1989), paragraph one of the syllabus (noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

{¶15} A court may take judicial notice of mootness. "In fact, 'an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92, 94." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181(2000). *Accord, Miner v. Witt*, 82 Ohio St. 237, 239, 92 N.E.2d 21(1910); *State v. Lawless*, 5th Dist. Ashland Nos. 17-COA-17 & 17-COA-20, 2018-Ohio-1471, ¶18.

*Post Release Control does not apply to a murder conviction.*

{¶16} In the case at bar, we first note that post-release control does not apply to murder convictions because murder is an unclassified felony. *See, State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 36 (aggravated murder is an unclassified felony and is not subject to post-release control); *State v. Silguero*, 10th Dist. No. 11AP-274, 2011-

Ohio-6293, ¶ 8 (murder is an unclassified felony to which the post-release control statute does not apply), *citing Clark* and *State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 10.  If Williams were to be released in the future, he would be paroled rather than subject to post-release control.  *See, State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶36.

*Definite sentences must be served before indefinite sentences or a life sentence.*

{¶17}  Ohio Adm. Code 5120-2-03(E)(5) provides that a definite sentence will be served first, prior to an indefinite or life sentence:

> (5) When a person is serving any definite terms of imprisonment consecutively to any indefinite or life terms of imprisonment or to any three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code or to both, the aggregate of all such three-year terms of actual incarceration shall be served first, then the aggregate of the definite terms of imprisonment shall be served, and then the indefinite or life terms of imprisonment shall be served.

{¶18}  In the case at bar, the trial court sentenced Williams to a mandatory, indefinite or life sentence of 15 years to life on the murder count.  The trial court further sentenced Williams to a definite sentence of three years on the tampering with evidence count.  The murder count and the tampering counts were to run consecutively, but concurrent to the 12-month sentence on the possession of criminal tools count.  Thus, the three-year definite sentence concurrent with the 12-month definite sentence would be served first.  Williams was sentenced on December 19, 2012, over seven years ago.  Therefore, William has served the entire three-year definite sentence.

{¶19} Once a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph three of the syllabus. *See also Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, *overruled on other grounds by State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332; *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶70; *State v. Muff,* 5th Dist. Perry No. 10 CA 16, 2010-Ohio-6466, ¶22. This is true even if the defendant remains incarcerated on other charges. *Holdcroft* at ¶ 18.

{¶20} Accordingly, Williams' First Assignment of Error is denied because it is moot.

II.

{¶21} After reviewing Williams' brief including his contentions, we have interpreted his Second Assignment of Error in the following manner: "The trial court did not acknowledge that the Appellant was sentenced to a Mandatory term." [Appellant's Brief at 8].

{¶22} Williams was informed that the murder charged carried a mandatory sentence. *See, Sentencing Entry*, filed Dec. 19, 2012 at 2. Further, because Williams did not raise the issue in his direct appeal, res judicata bars its consideration now. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an

appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233(1996), *syllabus, approving and following State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus.

{¶23} Williams's Second Assignment of Error is overruled.

III.

{¶24} After reviewing Williams' brief including his contentions, we have interpreted his Third Assignment of Error in the following manner: "At no time during sentencing did the court make clear or place on the record that the Defendant- Appellant was able to pay any financial sanctions imposed by the courts." [Appellant's Brief at 10].

{¶25} On February 11, 2013, Williams filed a motion requesting a payment plan be set up for his court costs. That motion was overruled on March 27, 2013. On November 17, 2016, Williams filed a motion to suspend his court costs and restitution payments until he was released from prison. On November 23, 2016, that motion was denied.

{¶26} Williams did not appeal from the trial court's March 27, 2013 Judgment Entry or the trial court's November 23, 2016 Judgment Entry concerning the imposition of restitution and court costs. Because Williams could have challenged the restitution order and the order to pay court costs by appealing the trial court's earlier decisions overruling his motions, but did not, he is now barred by res judicata from raising alleged errors in the trial court's order of restitution or court costs.

{¶27} Accordingly, Williams's Third Assignment of Error is overruled.

{¶28}  The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur