COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Kevin W. Popham, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2025-CA-0001 |
| ASHLEE TRADER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Mansfield Municipal Court,
                             Case No, 2024-CRB-73K

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 11, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE M. SCHUMACHER                       ASHLEE TRADER
Prosecuting Attorney                      780 E. Debby Lane
BY: MICHELLE FINK                         Ontario, OH 44906
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

*Popham, P.J.,*

{¶1} Defendant-Appellant Ashlee Trader ("Trader") appeals her conviction and sentence after a no contest plea in the Mansfield Municipal Court, Richland County, Ohio. For the reasons below, we affirm.

*Facts and Procedural History*

{¶2} Trader and the complainant were neighbors who became embroiled in a property line dispute. Both parties contacted law enforcement multiple times to report perceived encroachments. T. at 7. Officers recorded body camera footage during these responses. *Id.*

{¶3} Trader allegedly installed video surveillance cameras aimed at the complainant's residence and subsequently posted footage online. Trader was also alleged to have trespassed on the complainant's property, contacted the complainant's employer concerning the complainant's prior criminal history, and published disparaging statements about the complainant and her family on various social media platforms.

{¶4} On September 1, 2023, Trader was charged with menacing by stalking, a first-degree misdemeanor in violation of R.C. 2903.211. The case was transferred to the Mansfield Municipal Court in January 2024.

{¶5} On November 20, 2024, the State informed the trial court that, pursuant to pretrial discussions, it would amend the menacing by stalking charge to disorderly conduct, a fourth-degree misdemeanor under R.C. 2917.11(A), in exchange for a no-contest plea. T. at 3. Trader accepted the plea agreement, entered a no-contest plea, and stipulated to a finding of guilt. *Id.* at 5.

{¶6}     The prosecutor read the complaint into the record. *Id.* at 5-6. The trial court found that the charging document adequately alleged the elements of fear of physical harm and persistence - elements sufficient to support a fourth-degree misdemeanor charge of disorderly conduct. *Id*. at 6. The court accepted the plea and entered a finding of guilt. *Id.*

{¶7}     Prior to sentencing, the trial court heard statements from defense counsel, the complainant, and the prosecution. A disagreement arose over whether the State had previously indicated an intent to recommend a jail sentence. T. at 11-13. The court acknowledged its involvement in pretrial discussions, and gave consideration to the complainant's statement, particularly noting that she and her family had moved from the neighborhood at considerable cost and inconvenience. *Id.* at 14.

{¶8}     The court then imposed sentence as follows:

[C]onsistent with previous discussions, the Court is going to, at this point, impose a maximum fine of $250, 30 days in jail, that is suspended.

*Assignments of Error*

{¶9}     Trader presents five assignments of error for our review,

{¶10}    "WHETHER THE TRIAL COURT ERRED BY IMPOSING A SUSPENDED JAIL SENTENCE, AND MAXIMUM FINES CONTRARY TO THE AGREED-UPON PLEA TERMS, AS DEMONSTRATED IN THE EMAIL FROM ATTORNEY MAYER ABOUT THE PLEA DEAL (EXHIBIT C). THE PLEA AGREEMENT SPECIFICALLY INCLUDED NO JAIL TIME, NO PROBATION, AND NO RESTITUTION; HOWEVER, THE TRIAL COURT IMPOSED A SUSPENDED 30-DAY JAIL SENTENCE AND MAXIMUM FINES, VIOLATING THE NEGOTIATED PLEA AGREEMENT."

{¶11} "II. WHETHER THE PROSECUTOR'S CONDITIONING OF THE PLEA OFFER ON THE PAYMENT OF A CIVIL DEBT CONSTITUTED MISCONDUCT, AS EVIDENCED BY EMAIL CORRESPONDENCE (EXHIBIT I-11) AND THE GRIEVANCE FILED WITH THE OHIO SUPREME COURT DISCIPLINARY COUNSEL (EXHIBIT J-1 TO J-3). THE PROSECUTOR IMPROPERLY LINKED A CRIMINAL PLEA TO A CIVIL OBLIGATION, VIOLATING ETHICAL GUIDELINES AND OHIO REVISED CODE 2921.03 (COERCION). ADDITIONALLY, WHETHER THE PROSECUTOR MISREPRESENTED THE FACTS SURROUNDING THE SERVICE OF THE SUMMONS, AS SHOWN IN EXHIBIT B, POLICE REPORT OF HOW THE SUMMONS WAS SERVED & EXHIBIT A, TRANSCRIPT OF THE PLEA HEARING."

{¶12} "III. WHETHER THE PROSECUTION'S FAILURE TO PROVIDE TIMELY AND COMPLETE DISCOVERY, INCLUDING BODY CAM FOOTAGE, DEPRIVED THE DEFENDANT OF A FAIR TRIAL, AS DEMONSTRATED IN EXHIBIT H (PUBLIC RECORDS REQUESTS AND RESPONSES), EXHIBIT A-7 (TRANSCRIPT OF PLEA HEARING), AND EXHIBIT F-1 TO F-55 (DISCOVERY DOCUMENTS). THESE EXHIBITS SHOW THAT CRITICAL MATERIALS WERE EITHER WITHHELD OR PROVIDED LATE, VIOLATING THE DEFENDANT'S RIGHT TO A FAIR TRIAL AND PREVENTING ADEQUATE PREPARATION."

{¶13} "IV. WHETHER THE TRIAL COURT'S FAILURE TO RULE ON CRITICAL MOTIONS, INCLUDING THE MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT, MOTION TO SUPPRESS EVIDENCE, AND MOTION TO COMPEL THE BILL OF PARTICULARS, DEPRIVED THE DEFENDANT OF A FAIR OPPORTUNITY TO CHALLENGE KEY ISSUES IN THE CASE, AS DEMONSTRATED IN THE

PROCEDURAL RECORD AND MOTIONS FILED. THESE MOTIONS WERE NOT ADDRESSED BY THE COURT, HINDERING THE DEFENDANT-APPELLANT'S DEFENSE."

{¶14} "V. WHETHER THE TRIAL COURT'S RELIANCE ON CIVIL MATTERS, PARTICULARLY THE VICTIM'S IMPACT STATEMENT (EXHIBIT G-1 TO G-3), IMPROPERLY INFLUENCED THE SENTENCING DECISION. THE VICTIM'S STATEMENT, WHICH FOCUSED PRIMARILY ON CIVIL PROPERTY ISSUES UNRELATED TO THE CRIMINAL CHARGE, SHOULD NOT HAVE BEEN CONSIDERED IN SENTENCING, AS IT UNDERMINED THE FAIRNESS AND INTEGRITY OF THE CRIMINAL PROCESS. THIS RELIANCE ON CIVIL MATTERS WAS NOT APPROPRIATE UNDER STATE V. BROWN, 65 OHIO ST.3D 649 (1992) [sic.], WHICH HELD THAT SUCH ISSUES SHOULD NOT INFLUENCE CRIMINAL SENTENCING."

### Pro se appellants

{¶15} We understand that Trader has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). *See also State v. Hall*, 2008-Ohio-2128, ¶ 11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005-Ohio-6494, ¶ 4 (8th Dist.) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (same); *Houston v. Lack*, 487 U.S.

266 (1988) (some procedural rules must give way because of the unique circumstance of incarceration). *See also State v. Harris*, 2024-Ohio-2993, ¶¶ 9 - 10 (5th Dist.).

{¶16}   Although in a pro se action this Court allows latitude to the unrepresented defendant in the presentation of her case, this Court is not required to totally disregard rules of procedure.  *See, Wellington v. Mahoning Cty. Bd. of Elections*, 2008-Ohio-554, ¶ 18.  (A substantial disregard for the rules cannot be tolerated).

{¶17}   This Court does not have discretion and must disregard facts, arguments, or evidence presented in the appellate brief when those facts, arguments, or evidence were not presented to the trial court.  In *State v. Hooks*, 92 Ohio St.3d 83 (2001), the Supreme Court of Ohio noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402 (1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 1980 WL 350992 (4th Dist., Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59 (10th Dist. 1963).  New material and factual assertions contained in any brief in this Court may not be considered.  *See North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16.

{¶18}   Therefore, we have disregarded facts in the parties' briefs, and exhibits attached to those briefs, that are outside of the trial court record.  *State v. Stevens,* 2023-Ohio-2736, ¶ 16 (5th Dist.).

### The Mootness Doctrine

{¶19} Mootness is a jurisdictional question because courts are tasked with deciding adversarial legal cases and issuing judgments that can be carried into effect. *Cyran v. Cyran,* 2018-Ohio-24, ¶ 9, *citing Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). *See also United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920); North *Carolina v. Rice,* 404 U.S. 244, 246 (1971). Under the mootness doctrine, courts will not decide cases in which there is no longer an actual legal controversy between the parties. *In re A.G.,* 2014-Ohio-2597, ¶ 37. Because mootness is jurisdictional, a court must address it even if the parties do not raise the issue. *Rice*, 404 U.S. at 246. Here, the State contends that this appeal is moot because Trader voluntarily completed the sentence imposed by the trial court.

{¶20} As the Supreme Court of Ohio has noted, "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *State ex rel. Nelson v. Russo,* 89 Ohio St.3d 227, 228 (2000), *quoting Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472 (1992). *Accord, Miner v. Witt*, 82 Ohio St. 237, 239 (1910). *See also State v. Lawless*, 2018-Ohio-1471, ¶ 18 (5th Dist.); *State v. Williams,* 2020-Ohio-77, ¶ 15 (5th Dist.).

{¶21} Although there are exceptions to the mootness doctrine, none apply in this case. *See, e.g., In re Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus (noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

{¶22} With respect to mootness in misdemeanor cases, the Supreme Court of Ohio has held,

> The completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

*Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 390 (2011), paragraph one of the syllabus. In *Cleveland Hts.,* the Court specifically held that,

> The expiration of an inactive period of probation during the pendency of an appeal does not render the appeal moot because the misdemeanant failed to file a motion for stay in the appellate court where the misdemeanant unsuccessfully sought a stay of execution from the trial court to prevent an intended appeal from being declared moot and subsequently filed a notice of appeal to challenge the conviction.

*Id.* at paragraph 2 of the syllabus. Trader received a suspended 30-day jail sentence, but she did not seek a stay on the payment of the imposed fine in either the trial court or this Court; rather, she voluntarily paid the fine in full before she filed a notice of appeal.

{¶23} However, even when a defendant has voluntarily completed the sentence, the case is not moot if a collateral disability results. *Sibron v. New York*, 392 U.S. 40, 54-55 (1968); *State v. Wilson*, 41 Ohio St.2d 236, 238 (1975). *But see State v. Berndt*, 29 Ohio St.3d 3, 4 (1987) (Enhanced penalty on subsequent conviction for the same crime is not a collateral disability). Trader has pointed to no evidence from which it could be inferred that she would suffer a collateral disability or loss of civil rights from the conviction.

{¶24} Because Trader voluntarily completed her sentence – vis-à-vis paid the fine and did not seek a stay from the trial court or this Court, and there is no indication of a resulting collateral disability or loss of civil rights from the conviction, the appeal is moot.

*Plain Error*

{¶25} Even if we found the appeal were not moot, Trader's arguments would still fail.

{¶26} Normally, an appellate court need not consider error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court. *State v. Williams*, 51 Ohio St.2d 112, 117 (1977). Accordingly, a claim of error in such a situation is usually deemed to be forfeited absent plain error. However, plain errors or defects affecting substantial rights may be noticed although not brought to the attention of the trial court. Crim.R. 52(B). Trader did not object during the plea hearing or raise any of the issues now presented in this Court. Nor has she claimed plain error on appeal. Because she does not claim plain error on appeal, we need not consider it. *See, State v. Quarterman*, 2014-Ohio-4034, ¶ 17-20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v.*

*Gavin*, 2015-Ohio-2996, ¶ 25 (4th Dist.)*, citing Wright v. Ohio Dept. of Jobs & Family Servs.*, 2013-Ohio-2260, ¶ 22 (9th Dist.) (when a claim is forfeited on appeal and the appellant does not raise plain error, the appellate court will not create an argument on his behalf); *State v. McCreary*, 2022-Ohio-2899. ¶ 65 (5th Dist.); *State v. Carbaugh*, 2023-Ohio-1269, ¶ 67 (5th Dist.); *State v. Fitts*, 2020-Ohio-1154, ¶ 21 (6th Dist.); *Simon v. Larreategui*, 2022-Ohio-1881, ¶ 41 (2d Dist.).

{¶27}   Nevertheless, even if we were to consider Trader's claims under plain error review, they would not succeed.

{¶28}   Crim.R. 52 grants appellate courts limited authority to correct trial errors. Crim.R. 52(A) applies to preserved errors and allows reversal only if the error affected substantial rights.  Crim.R. 52(B) governs unpreserved errors and permits reversal only if the error was plain and affected substantial rights. The critical distinction is the burden of proof: under plain-error review, the burden is on the defendant; under harmless-error review, the State bears the burden.  *State v. Jones*, 2020-Ohio-3051, ¶¶ 17-18.  *See also State v. Bond*, 2022-Ohio-4150, ¶ 7.

{¶29}   To establish plain error under Crim.R. 52(B), a defendant must show: (1) an error occurred; (2) the error was obvious; and (3) the error affected the outcome of the proceeding. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, *quoting State v. Rogers*, 2015-Ohio-2459, ¶ 22; *accord State v. Bailey*, 2022-Ohio-4407, ¶ 8. All three elements must be met. *Bailey*, ¶ 9, *citing State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶30}   To show that the error affected substantial rights, the appellant must demonstrate a reasonable probability that it prejudiced the outcome - this mirrors the

standard for ineffective assistance of counsel claims. *Rogers*, ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83 (2004).  *See Bond*, ¶ 22.

{¶31}   Even where the elements of plain error are satisfied, an appellate court is not required to correct the error. *Rogers*, ¶ 23; *State v. Perry*, 101 Ohio St.3d 118, 120 (2004).  *See also State v. Newlon*, 2024-Ohio-3433 (5th Dist.); *State v. Wycinski*, 2024-Ohio-5203, ¶¶ 21-23 (5th Dist.).  Correction of plain error is reserved for exceptional cases to prevent a manifest miscarriage of justice.  *Bailey*, ¶ 8, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

I.

{¶32}   In her first assignment of error, Trader maintains the trial court erred by imposing a suspended jail sentence and maximum fines, contrary to the agreed upon plea terms. Trader cites documents that are not part of the trial court record to support her contention.

*Breach of a Plea Agreement*

{¶33}   In this case, the record does not include a written Crim.R. 11(E) or (F) plea agreement signed by Trader, her attorney, and the assistant prosecuting attorney.  Instead, the terms of the plea negotiations were discussed during the change-of-plea hearing.  Defense counsel stated that their understanding of the plea negotiations was that Trader would enter a no contest plea, and the charge would be reduced to a fourth-degree misdemeanor disorderly conduct. T. at 3.

{¶34}   At the hearing, Trader requested that the court impose a sentence consisting solely of the maximum fine and court costs. T. at 8.  In support of this request, Trader indicated that she was employed full-time, earning approximately $1,000 per

week. T. at 9.  The following exchange then occurred between defense counsel and the trial court:

> MR. MAYER: She can pay a max fine, Judge.
>
> THE COURT: Okay.
>
> MR. MAYER: I did explain to her that, ah, there was a discussion that a max fine would be appropriate in this case. She is gainfully employed, and she can pay, and I think she intends to pay today.
>
> THE COURT: Okay. *Certainly, if she was unemployed, the Court would consider much less than a max fine,* but from the sound of things, you are, at this time, gainfully employed.

T. at 9 (emphasis added).

{¶35}  The prosecuting attorney disagreed with the defense recommendation and instead asked the court to impose a jail sentence. *Id.* at 11.  Ultimately, the trial court imposed the maximum fine and a 30-day jail sentence; however, the jail sentence was unconditionally suspended.

{¶36}  Both the state and Trader agreed that the original charges would be reduced, and that Trader would enter a plea of no contest instead of a guilty plea.  The record reflects that each party presented a non-binding sentencing recommendation to the trial court.  Even assuming the state agreed to recommend that Trader not receive a jail sentence, such a recommendation does not bind the trial court or preclude it from imposing jail time.

{¶37}  It is well established that a defendant has no right to be offered a plea deal, nor any right to have the court accept one.  *Santobello v. New York*, 404 U.S. 257, 262

(1971); *Missouri v. Frye*, 566 U.S. 134, 149 (2012).  The decision whether to accept a plea agreement and the ultimate sentence imposed rests squarely within the trial court's discretion.  *State v. Fraternal Order of Eagles, Aerie No. 1224*, 2018-Ohio-548, ¶ 6; *State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 6, quoting *State v. Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.), quoting *State v. Pettiford*, 2002-Ohio-1914 (12th Dist.).  Crim.R. 11 does not anticipate that punishment will be the result of a successful plea bargain because sentencing is determined expressly either by statute or rests within the sound discretion of the trial court. *State v. Mathews*, 8 Ohio App.3d 145, 146, (10th Dist. 1982); *State v. Summers*, 2024-Ohio-5200, ¶ 34 (5th Dist.).

{¶38}   There is no evidence in the record indicating that the trial judge promised Trader any specific sentence. To be sure, Trader received the sentence she requested: the maximum fine, with no community control sanctions and no actual jail time imposed. The 30-day jail term was unconditionally suspended.

{¶39}   The trial court's reasoning reflects a sentence based on the evidence and representations made during the hearing.  Its decision was not arbitrary, legally erroneous, or unjust. Nor did it produce a result inconsistent with reason or the record. Accordingly, we find no manifest injustice. The trial court's imposition of the maximum fine and an unconditionally suspended 30-day jail sentence does not warrant reversal.

{¶40}   Trader's first assignment of error is overruled.

II.

{¶41}   In her second assignment of error, Trader first contends that the prosecutor engaged in misconduct by conditioning the plea offer on the payment of a civil debt.

*Payment of Civil Debt*

{¶42}   As a threshold matter, this Court is bound by the record before the trial court and cannot consider facts, arguments, or evidence that were not presented below.  Any new factual claims presented for the first time on appeal, even if included in a brief, are not properly before this Court and will not be considered.  *State v. Hooks*, 92 Ohio St.3d 83, 84 (2001), citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978).

{¶43}   Nothing in the record supports Trader's claim that the plea agreement was conditioned on any payment to the complainant.  Neither the prosecution nor the defense mentioned restitution or civil payment at the plea hearing, and the trial court did not impose restitution as part of Trader's sentence.  There is no indication in the record that Trader paid the complainant any money in exchange for a reduction in charges.

{¶44}   Trader bears the burden of demonstrating plain error, specifically, that an error occurred, that the error was obvious, and that there is "a reasonable probability that the error resulted in prejudice," meaning it affected her decision to enter the plea, or the fairness of the proceedings. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.  Trader has not met that burden.  We find no manifest injustice as a result of the plea negotiations.

*Prosecutorial Misconduct*

{¶45}   Trader next argues that the prosecutor misrepresented the facts at the plea hearing by reciting the factual basis for the original charge of menacing by stalking rather than the amended charge of disorderly conduct.  She contends this amounted to an inflammatory and misleading narrative that undermined the fairness of her plea.  She also

claims the prosecutor misstated her behavior during service of the summons, further distorting the factual record presented at the hearing.

{¶46} The transcript reflects that the prosecutor read the contents of the complaint into the record. T. at 5-6. The trial court found that the complaint sufficiently alleged the essential elements to support a fourth-degree misdemeanor charge of disorderly conduct, including fear of physical harm and persistence. *Id.* at 6. Based on that determination, the court accepted the no contest plea and entered a finding of guilt. Notably, Trader raised no objection at the hearing to the prosecutor's statements and did not indicate any confusion or disagreement with the factual basis offered in support of the amended charge.

{¶47} Moreover, the trial judge was already familiar with the original complaint and the nature of the allegations against Trader. Trader does not explain how the prosecutor's recitation of the original facts, already known to the court, rendered her plea involuntary or otherwise unfair. She likewise fails to specify how the prosecutor's remarks concerning the service of the summons had any bearing on the sentence imposed, which matched the terms of her plea bargain.

{¶48} Once again, Trader has not demonstrated that an error occurred, that it was plain, or that it prejudiced her in a manner affecting her decision to plead. *McAlpin*, 2022-Ohio-1567, ¶ 66; *Rogers*, 2015-Ohio-2459, ¶ 22.

{¶49} We find no manifest injustice occurred as a result of the prosecutor's statements relating to the facts of the complaint, or what was said by Trader during the service of summons.

{¶50} Trader's second assignment of error is overruled.

III.

{¶51}  In her third assignment of error, Trader contends that the State failed to provide timely and complete discovery, including body camera footage. She argues that this alleged failure deprived her of a meaningful opportunity to prepare for trial or to engage in informed plea negotiations.  We find this argument unpersuasive.

{¶52}  At the change of plea hearing, defense counsel informed the court that all discovery, including the most recent body camera footage, had been received and reviewed with Trader.  Counsel stated:

> [W]e've reviewed all the body cam.  We have received all that's been in discovery in this case as of Monday, I had a chance to review all of them with my client including the most recently provided videos, Ashlee [the appellant] could confirm that.  And I think that this is what amounts to a very reasonable resolution in an otherwise very difficult case for all parties involved.

T. at 7.

{¶53}  Trader did not object to these representations.  Nor did she request a continuance to allow additional time to prepare for trial or further consider the plea offer. On this record, there is no indication that the alleged discovery issue affected the voluntariness of her plea or the fairness of the proceedings.

{¶54}  Trader has not met her burden to show plain error occurred, that the error was obvious, and that there is a reasonable probability that the error affected her decision to enter a plea, or the fairness of the proceedings.  We find no manifest injustice that would warrant reversal.

{¶55}   Trader's third assignment of error is overruled.

IV.

{¶56}   In her fourth assignment of error, Trader contends that the trial court erred by failing to rule on several critical motions, including a motion to dismiss for prosecutorial misconduct, a motion to suppress evidence, and a motion to compel a bill of particulars. She argues that the failure to address these motions deprived her of a fair hearing.

{¶57}   On November 6, 2024, while represented by counsel, Trader filed the following motions pro se: a motion to compel a bill of particulars (Docket Entry No. 11), a motion to dismiss for prosecutorial misconduct (Docket Entry No. 12), and a motion to suppress evidence (Docket Entry No. 13). Trader subsequently entered a negotiated plea on November 20, 2024.

*Hybrid Representation Is Not Permitted*

{¶58}   Although a criminal defendant has a constitutional right to waive counsel and represent herself, *Faretta v. California*, 422 U.S. 806 (1975), there is no corresponding right to hybrid representation, where a defendant is represented by counsel and simultaneously acts as her own attorney. *State v. Keenan*, 81 Ohio St.3d 133, 138 (1998), citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *State v. Ferguson*, 2006-Ohio-1502, ¶ 97. Accordingly, a trial court is not required to entertain pro se motions filed by a defendant who is represented by counsel. *See State v. Williams*, 2012-Ohio-3417, ¶ 12 (9th Dist.); *State v. Castagnola*, 2018-Ohio-1604, ¶ 14 (9th Dist.); *Storks v. Sheldon*, 2013 WL 3992592, at *35 (N.D. Ohio Aug. 5, 2013); *State v. Lamb*, 2018-Ohio-1405, ¶ 56 (4th Dist.); *State v. Davis*, 2006-Ohio-5039, ¶ 12 (10th Dist.); *State v.*

*Greenleaf*, 2006-Ohio-4317, ¶ 70 (11th Dist.); *State v. Brown*, 2017-Ohio-7704, ¶ 21 (7th Dist.).

**{¶59}** Because Trader was represented by counsel at the time she filed the motions at issue, the trial court was under no obligation to consider or rule on them. Trader has not shown that the trial court's inaction constituted error, plain or otherwise.

**{¶60}** Trader's fourth assignment of error is overruled.

V.

**{¶61}** In her fifth assignment of error, Trader argues that the trial court improperly relied on civil matters, including the complainant's victim impact statement, when determining her sentence.

**{¶62}** The purpose of a victim impact statement is to inform the sentencing authority of the actual harm suffered by the victim and the victim's family as a result of the offense. *See Payne v. Tennessee*, 501 U.S. 808, 821 (1991); *State v. Fautenberry*, 72 Ohio St.3d 435, 439 (1995). *See also* R.C. 2947.051(B). Under R.C. 2947.051(A), victim impact statements are required in all cases where a defendant is convicted of or pleads guilty to a victim-involved felony.

**{¶63}** For misdemeanor offenses, R.C. 2929.22(D)(1) directs the sentencing court to consider all relevant oral or written statements made by the victim, the victim's representative, or attorney (if applicable), the defendant, defense counsel, and the prosecuting authority.

**{¶64}** We find that Trader's claim lacks merit. She expressly agreed during the proceedings that the maximum fine was an appropriate resolution of the case. The trial court did not impose community control sanctions under R.C. 2929.25, nor did it order

restitution pursuant to R.C. 2929.28(A). The court also unconditionally suspended her thirty-day jail sentence.  Further, the trial court indicated that if Trader were unemployed, the court would consider much less than a maximum fine. In short, Trader received the sentence she bargained for, regardless of the complainant's statements at sentencing.

{¶65}    Once again, Trader has not demonstrated that an error occurred, that it was plain, or that it prejudiced her in a manner affecting her decision to plead, or the fairness of the proceedings. *McAlpin*, 2022-Ohio-1567, ¶ 66; *Rogers*, 2015-Ohio-2459, ¶ 22.  We find no manifest injustice occurred as a result of the trial court considering the complainant's victim impact statement.

{¶66}    Trader's fifth assignment of error is overruled.

{¶67}    The judgment of the Mansfield Municipal Court, Richland County, Ohio is affirmed.


By Popham, P.J.,

Baldwin, J., and

Gormley, J., concur